```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

OBED De La ROSA,

        PLAINTIFF
        vs                                  COMPLAINT [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER ,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the
identified and non identified
persons in their individual and
in their official capacities,
NEW YORK CITY POLIUCE OFFICER
ANTHONY RICCI, Shield # 09586,
individually and in his official
capacity,

        DEFENDANTS
_____
```

## I.  INTRODUCTION

1.   This litigation arises out of the Plaintiff's arrest on June 10, 2007 at or about 11:00 A.M. in the vicinity of 5th Avenue/Central Park at 61st Street, New York City, New York and the subsequent detention and incarceration until he was released after his arraignment in Court on June 11, 2007 at or about 2:30 P.M. Subsequently the Plaintiff returned to Court on August 9, 2007 and the charges, which had been preferred against the Plaintiff in association with his arrest, preferred against the Plaintiff, were dismissed on that date.

2.   This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

3.   The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of

justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331, 1332, and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.   The Plaintiff resides in the State of New Jersey and the Defendants all reside and/or have their place for doing business in the State of New York.   The value of the rights in question and the damages flowing from the violation thereof is in excess of $100,000.00 exclusive of fees and costs.  The transaction, which gives rise to the State law claims, has a common nucleus of operative facts with the federal law claims and they arise out of the same transaction which gives rise to the federal law claims.

6.   The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7.   This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

## III. THE PARTIES

8.   The Plaintiff is an American citizen and resident of the City of Passaic and the State of New Jersey.  The Plaintiff is a proud person of Puerto Rican national origin, culture, and pride.

9.   The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is

authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

    10. Defendants Anthony Ricci, Shield # 09586, and "John Does" are New York City Police Officers and agents and employees of the City of New York.  Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

## IV. ALLEGATIONS

    11.  The Plaintiff is Obed De La Rosa.

    12.  This is a litigation which arises out of the Plaintiff's arrest on June 10, 2007 at or about 11:00 A.M. in the vicinity of Central Park/Fifth Avenue at 61st Street, New York City, New York and the subsequent dismissal of the charges preferred against the Plaintiff on August 9, 2007.

    13.  The Plaintiff is a resident of Passaic, New Jersey.

    14.  The Plaintiff is eighteen [18] years of age. The Plaintiff's birth date is June 8, 1989.

    15.  The Plaintiff is an American citizen.

    16.  The Plaintiff is Latino and of Puerto Rican national origin.

    17.  The Plaintiff resides at 225 4th Street-2nd Floor, Passaic, New Jersey 07055.

    18.  The Plaintiff resides at the foregoing address with his parents and his brother.

    19.  At the time of the Plaintiff's arrest, the Plaintiff resided with his parents and his brother at the

afore-described address. The Plaintiff has resided at the foregoing address since early childhood.

20. The Plaintiff attends Passaic High School where he will be in his senior year in the fall, 2007.

21. Until the incident which gives rise to this litigation, the Plaintiff had never been arrested.

22. The incident, which gives rise to this litigation, commenced on June 10, 2007 when the Plaintiff was arrested without probable cause in the vicinity of Fifth Avenue and Central Park at 61st Street. Subsequent to the arrest, the Plaintiff was detained and imprisoned in custody until his arraignment on June 11, 2007 at or about 2:30 P.M. in the Criminal Court of the City of New York, County of New York [Manhattan] when and where he was released without bail.

23. On August 9, 2007, the Plaintiff was returned to Court when and where the charges, which had been preferred against him, were dismissed.

24. The Plaintiff, along with others, was standing at or about Central Park/Fifth Avenue and 61st Street, on the side of the street proximate to Central Park.

25. The Plaintiff had traveled to New York City with his friend, Christopher Valez, to attend the June 10, 2007 Puerto Rican Day Parade celebration, a parade held annually in the City of New York to celebrate Puerto Rican national origin and culture and pride.

26. The Plaintiff and his friend took the bus to New York City and exited at the Port Authority.

27. The Plaintiff and his friend walked to the location, where they were eventually arrested, in order to find a spot from which to watch the Parade and join in the celebration of Puerto Rican national origin, pride, and culture.

28. The Plaintiff was on the sidewalk, proximate to Central Park at Fifth Avenue and 61st Street.

29. There was a large crowd of people which was assembled at the location in order to watch the parade.

30. Other than for Christopher Valez, the Plaintiff did not know any of the individuals in the vicinity where he was standing.

31. The Plaintiff observed some vehicular traffic pass in the street where he, among the crowd, was standing.

32. The Plaintiff observed a crowd of police officers come toward him and the others on the sidewalk where he was situated.

33. The Plaintiff and others were pushed against a Central Park wall at 5th Avenue and 61st Street by the throng of New York City Police Officers.

34. The Plaintiff was placed under arrest and taken into Central Park, along with many others. The Plaintiff did not know why he was arrested and the Police Officers did not inform the Plaintiff of such or others who were inquiring of the Police Officers about why they were being arrested.

35. The Plaintiff was photographed while in Central Park.

36. The Plaintiff was in shock and dismay as he did not know what he and/or others had done to be detained and placed under arrest.

37. The Plaintiff, who was handcuffed in flex cuffs in the rear, was, after being photographed in Central Park, placed in a police transport vehicle with other arrestees and transported to a New York City Police Department Precinct where he was detained in custody and processed.

38. The Plaintiff was frisked searched and, at the Precinct, photographed again and fingerprinted.

39. The Plaintiff was at the Precinct for several hours before he and others were transported to Manhattan Central Booking where he was detained in custody until 2:30 P.M. or thereabouts on June 11, 2007 when he then appeared at an arraignment and was released.

40. When the Plaintiff was frisked and processed, he had no contraband or weapons or drugs in his possession.

41.  The Plaintiff was charged with disorderly conduct and unlawful assembly.

42.  The Plaintiff did not engage in disorderly conduct, unlawful assembly or any other unlawful act. He was simply standing on the sidewalk at the 61st Street and 5th Avenue/Central Park where he wanted to watch the Puerto Rican Day Parade on 5th Avenue.

43.  The Plaintiff was the subject of a massive sweep arrest by the New York City Police Department the result of which caused the Plaintiff to be stopped, detained, falsely arrested, falsely imprisoned, falsely charged, maliciously prosecuted, and subjected to malicious abuse of criminal process for the collateral purpose of interfering with the Plaintiff's right of attendance at the Puerto Rican Day Parade and his association with others who themselves had the right to attend the New York City authorized Puerto Rican Day Parade in order to watch the Parade and partake in the celebration of Puerto Rican culture and pride.

44.  It is believed that the Plaintiff was part of a New York City Police Department field operation which was undertaken by the police and which caused the Plaintiff to be arrested and taken into custody although the Plaintiff had not done anything which any reasonable person, including law enforcement agents, could have reasonably and objectively believed to have been criminal in nature or otherwise unlawful in nature. Among the police officers who were involved in the New York City policing operation which resulted in the Plaintiff's arrest was Anthony Ricci, Shield # 09586, who, it is believed, was a Police Officer, then assigned to Gang Unit Staten Island, and who is described as the Plaintiff's arresting officer.

45.  The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could reasonably have believed that the Plaintiff committed any criminal offense or any other offense under and of the law to justify his stop, detention, and custodial arrest or the subsequent intrusive search to which he was subjected in association with his arrest and detention and imprisonment.

46.  The Plaintiff was not screaming and yelling or otherwise interferring with anyone and the Plaintiff was not directed to move along or otherwise leave before he was

placed under arrest and the Plaintiff did not hear any such directives before the police took the actions as described and placed the Plaintiff and others under arrest.

47. The Plaintiff is not a member of any gang and is not associated with any gang and was not involved in any kind of gang activity whatsoever at the time and location where he was placed under arrest.

48. The Plaintiff was wearing a white shirt, blue jeans, and white sneakers.

49. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York, and for the preferral of the charges against the Plaintiff which charges were baseless and without any merit whatsoever.

50. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York. Among those involved in the unlawful conduct against the Plaintiff was New York City Police Officers Anthony Ricci, Shield # 09586.

51. There was no probable cause for the arrest of the Plaintiff and all associated therewith including the Plaintiff's handcuffing, his frisk search, and his fingerprinting. There was no basis, even, for a stop and detention.

52. The Plaintiff was unreasonably stopped and detained and thereafter falsely arrested and imprisoned and was subjected to excessive, unreasonable and unnecessary force in the form of his handcuffing and was otherwise subjected to an unnecessary and excessive and unreasonable search and fingerprinting.

53. Rather than being released with a Summons or Desk Appearance Ticket, for which the Plaintiff was offense qualified and for which he was otherwise qualified, the Plaintiff was excessively, unnecessarily, and unreasonably detained in custody in lie of being released.

7

54. It is believed that the actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

55. Such crime offense enforcement initiatives propel officers to make arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

56. The policy and practices have a disproportionate impact on African American and Latino individuals and other individuals of color as well as those who reside in communities which are disproportionately populated by the poor, often times and disproportionately who are persons of color and who, because of their race and/or national origin, are, regularly and disproportionately and for no other reason but the race and/or national origin factor or factors, singled out for stops, detentions and arrests.

57. The Plaintiff was unlawfully stopped, detained, and falsely arrested and subjected to racially discriminatory and/or national origin discriminatory conduct and subjected to excessive and unreasonable and unnecessary force [in the form of handcuffing] and subjected to an unnecessary, unreasonable and excessive search, to an unnecessary and unreasonable and excessive detention, to an unnecessary, unreasonable, and excessive fingerprinting, to malicious prosecution, and to malicious abuse of criminal process for no legitimate purpose and for the collateral purpose of interfering with the right of young Latino individuals to attend the Puerto Rican Day Parade that was authorized by the City to assemble and convene on June 10, 2007 at the location where the Plaintiff was standing in order to observe the Parade and by such to participate in the celebration of Puerto Rican national origin, pride, dignity, and culture.

58. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

59.  The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including the stop and detention of the Plaintiff, the false arrest and imprisonment of the Plaintiff, the assault and battery of the Plaintiff [in the form of the handcuffing and the physical actions of taking the Plaintiff into custody], and the search of the Plaintiff, the fingerprinting of the Plaintiff, the excessive detention of the Plaintiff, the malicious prosecution of the claim, and the malicious abuse of criminal process employed against the Plaintiff, and including the racially discriminatory and/or national origin discriminatory treatment of the Plaintiff.

60.  The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

61.  The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, embarrassment, humiliation, and psychological trauma and physical pain and suffering.

62.  The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

63.  The Plaintiff has no other adequate remedy at law for the violation of his rights but through the commencement of this litigation

V.  CAUSES OF ACTION

A.  FIRST CAUSE OF ACTION

64.  The Plaintiff reiterates Paragraph #'s 1 through 63 and incorporates such by reference herein.

65.  The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

66.  The Plaintiff suffered injuries and damages.

### B. SECOND CAUSE OF ACTION

67. The Plaintiff reiterates Paragraph #'s 1 through 66 and incorporates such by reference herein.

68. The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

69. The Plaintiff suffered injuries and damages.

### C. THIRD CAUSE OF ACTION

70. The Plaintiff reiterates Paragraph #'s 1 through 69 and incorporates such by reference herein.

71. The Plaintiff was subjected to racially and/or national origin discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

72. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

73. The Plaintiff reiterates Paragraph #'s 1 through 72 and incorporates such by reference herein.

74. The Plaintiff was subjected to racially and/or national origin discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

75. The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

76. The Plaintiff reiterates Paragraph #'s 1 through 75 and incorporates such by reference herein.

77. The policies, practices and customs herein described propelled the actions and conduct herein. Those

policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

78. The Plaintiff suffered injuries and damages.

### F.   SIXTH CAUSE OF ACTION

79. The Plaintiff reiterates Paragraph #'s 1 through 76 and incorporates such by reference herein.

80. The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

81. The Plaintiff suffered injuries and damages.

### G.   SEVENTH CAUSE OF ACTION

82. The Plaintiff reiterates Paragraph #'s 1 through 81 and incorporates such by reference herein.

83. Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

84. The Plaintiff suffered injuries and damages.

### H.   EIGHTH CAUSE OF ACTION

85. The Plaintiff reiterates Paragraph #'s 1 through 84 and incorporates such by reference herein.

86. The Plaintiff was subjected to a search in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

87. The Plaintiff suffered injuries and damages.

### I.   NINTH CAUSE OF ACTION

88.   The Plaintiff reiterates Paragraph #'s 1 through 87 and incorporates such by reference herein.

89.   The Plaintiff was subjected to a search in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

90.   The Plaintiff suffered injuries and damages.

### J.   TENTH CAUSE OF ACTION

91.   The Plaintiff reiterates Paragraph #'s 1 through 90 and incorporates such by reference herein.

92.   The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

93.   The Plaintiff suffered injuries and damages.

### K.   ELEVENTH CAUSE OF ACTION

94.   The Plaintiff reiterates Paragraph #'s 1 through 93 and incorporates such by reference herein.

95.   The Plaintiff was subjected to an assault and battery by the way of his physically being taken into custody and by his handcuffing in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

96.   The Plaintiff suffered injuries and damages.

### L.   TWELFTH CAUSE OF ACTION

97.   The Plaintiff reiterates Paragraph #'s 1 through 96 and incorporates such by reference herein.

98.   The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

99. The Plaintiff suffered injuries and damages.

### M. THIRTEENTH CAUSE OF ACTION

100. The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates such by reference herein.

101. The Plaintiff was maliciously prosecuted in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

102. The Plaintiff suffered injuries and damages.

### N. FOURTEENTH CAUSE OF ACTION

103. The Plaintiff reiterates Paragraph #'s 1 through 102 and incorporates such by reference herein.

104. The Plaintiff was subjected to malicious abuse of criminal process because he was topped and detained and falsely arrested for the collateral purpose of preventing him from attending an authorized Parade and by such to burden and inhibit his right of association and the expression of his pride in his Puerto Rican national origin and culture.

105. Such violated the Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

106. The Plaintiff suffered injuries and damages.

### O. FIFTHTEENTH CAUSE OF ACTION

107. The Plaintiff reiterates Paragraph #'s 1 through 106 and incorporates such by reference herein.

108. The Plaintiff was subjected to malicious abuse of criminal process in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

109. The Plaintiff suffered injuries and damages.

          P.    SIXTEENTH CAUSE OF ACTION

110.  The Plaintiff reiterates Paragraph #'s 1 through 107 and incorporates by such reference herein.

111.  The Plaintiff's right of expression and association were inhibited by his stop, detention, and custodial arrest and imprisonment in violation of his rights as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983

112.  The Plaintiff suffered injuries and damages.

          Q.    SEVENTEENTH CAUSE OF ACTION

113.  The Plaintiff reiterates Paragraph #'s 1 through 112 and incorporates such by reference herein.

114.  The Plaintiff's right of association and expression were violated under the laws and Constitution of the State of New York.

115.  The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a] Invoke pendent party and pendent claim jurisdiction.

    [b] Award appropriate compensatory and punitive damages.

    [c] Award appropriate declaratory and injunctive relief.

    [d] Empanel a jury.

    [e] Award attorney's fees and costs.

    [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
       September 12, 2007

Respectfully submitted,

/s/ James I. Meyerson_____
JAMES I. MEYERSON [JM 4304]
64 Fulton Street @ Suite # 502
New York, New York 10013
[212] 226-3310
[212] 513-1006/FAX
ATTORNEY FOR PLAINTIFF
BY:_____