UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

OBED DE LA ROSA,

                              Plaintiff,

           -against-

THE CITY OF NEW YORK, "JOHN DOES," NEW YORK CITY POLICE OFFICER ANTHONY RICCI, Shield # 09586, all individually and in their official capacities,

                             Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS THE CITY OF NEW YORK AND POLICE OFFICER ANTHONY RICCI**

07 Civ. 8027 (RJH)(DFE)

**JURY TRIAL DEMANDED**

       Defendants The City of New York and Police Officer Anthony Ricci, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answers to plaintiff's complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to proceed in this action.

       2.    Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to proceed in this action.

       3.    Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to proceed in this action.

       4.    Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

5. Deny knowledge or information as to where plaintiff resides. Deny the remainder of the allegations set forth in paragraph 5 of the complaint, except admit that plaintiff purports to proceed in this action.

6. Deny the allegations set forth in paragraph 6 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that plaintiff purports to proceed in this action.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Admit that the City of New York is a municipality and that it maintains a police department. Deny the remainder of the allegations set forth in paragraph 9 of the complaint.

10. Admit that Anthony Ricci is a NYPD police officer. Deny the remainder of the allegations set forth in paragraph 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Deny the allegations set forth in paragraph 12 of the complaint, except admit that plaintiff purports to proceed in this action.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Admit that plaintiff was arrested on June 10, 2007. Deny the remainder of paragraph 34 of the complaint.

35. Admit that plaintiff was photographed following his arrest. Deny the remainder of the allegations set forth in paragraph 35 of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the complaint.

37. Admit that plaintiff was handcuffed and processed following his arrest. Deny the remainder of the allegations set forth in paragraph 37 of the complaint.

38. Admit that plaintiff was processed following his arrest. Deny knowledge or information to form a belief as to truth of the remainder of the allegations set forth in paragraph 38 of the complaint.

39. Admit that plaintiff was processed following his arrest. Deny the remainder of the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Admit that plaintiff was charged with violating Sections 240.10 (Unlawful Assembly) and 240.20(1) (Disorderly Conduct) of New York Penal Law.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. Deny the allegations set forth in paragraph 55 of the complaint.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. Deny the allegations set forth in paragraph 58 of the complaint.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the complaint.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. In response to the allegations set forth in paragraph 64 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint.

67. In response to the allegations set forth in paragraph 67 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. In response to the allegations set forth in paragraph 70 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. Deny the allegations set forth in paragraph 72 of the complaint.

73. In response to the allegations set forth in paragraph 73 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

74. Deny the allegations set forth in paragraph 74 of the complaint.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. In response to the allegations set forth in paragraph 76 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph 77 of the complaint.

78. Deny the allegations set forth in paragraph 78 of the complaint.

79. In response to the allegations set forth in paragraph 79 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

80. Deny the allegations set forth in paragraph 80 of the complaint.

81. Deny the allegations set forth in paragraph 81 of the complaint.

82. In response to the allegations set forth in paragraph 82 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

83. Deny the allegations set forth in paragraph 83 of the complaint.

84. Deny the allegations set forth in paragraph 84 of the complaint.

85. In response to the allegations set forth in paragraph 85 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

86. Deny the allegations set forth in paragraph 86 of the complaint.

87. Deny the allegations set forth in paragraph 87 of the complaint.

88. In response to the allegations set forth in paragraph 88 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph 89 of the complaint.

90. Deny the allegations set forth in paragraph 90 of the complaint.

91. In response to the allegations set forth in paragraph 91 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph 92 of the complaint.

93. Deny the allegations set forth in paragraph 93 of the complaint.

94. In response to the allegations set forth in paragraph 94 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

95. Deny the allegations set forth in paragraph 95 of the complaint.

96. Deny the allegations set forth in paragraph 96 of the complaint.

97. In response to the allegations set forth in paragraph 97 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

98. Deny the allegations set forth in paragraph 98 of the complaint.

99. Deny the allegations set forth in paragraph 99 of the complaint.

100. In response to the allegations set forth in paragraph 100 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

101. Deny the allegations set forth in paragraph 101 of the complaint.

102. Deny the allegations set forth in paragraph 102 of the complaint.

103. In response to the allegations set forth in paragraph 103 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

104. Deny the allegations set forth in paragraph 104 of the complaint.

105. Deny the allegations set forth in paragraph 105 of the complaint.

106. Deny the allegations set forth in paragraph 106 of the complaint.

107. In response to the allegations set forth in paragraph 107 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

108. Deny the allegations set forth in paragraph 108 of the complaint.

109. Deny the allegations set forth in paragraph 109 of the complaint.

110. In response to the allegations set forth in paragraph 110 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

111. Deny the allegations set forth in paragraph 111 of the complaint.

112. Deny the allegations set forth in paragraph 112 of the complaint.

113. In response to the allegations set forth in paragraph 113 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

114. Deny the allegations set forth in paragraph 114 of the complaint.

115. Deny the allegations set forth in paragraph 115 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

116. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

117. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

118. Defendant P.O. Anthony Ricci is protected by the doctrine of qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

119. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

120. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

121. Any injury alleged to be sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

122. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

123. At all times relevant to the acts alleged in the complaint, defendant Ricci acted reasonably in the proper and lawful exercise of his discretion.

WHEREFORE, defendants City of New York and Police Officer Anthony Ricci respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         December 3, 2007

        MICHAEL CARDOZO
        Corporation Counsel of the
        City of New York
        100 Church Street
        New York, New York 10007

By:   /s/
        MARK ZUCKERMAN
        Senior Counsel (212) 442-8248